REDMANN, Judge
(dissenting).
The Xerox copy of a portion of some writing of deceased payee should have been excluded from evidence on the ground that, on its face, it appears not to contain the entire pertinent portion of the writing. Its beginning, “No one would believe the story”, is not a beginning.
Even if the bargain were as recited in that excerpt, plaintiff’s decedent would not have had possession of the note that writing refers to. The note the excerpt refers to was to have been marked paid, “in case anything happens to me”, and defendant was to hold that note.
Some of the strange circumstances support conflicting inferences. If defendant was not to receive the $40,000 cash, why did he go to the bank and there accept it? If he was to receive the money, why not a check payable to him (and deposited by him to his account) ?
Defendant’s testimony that he received no consideration for the $40,000 note is weakened by his wife’s letter to the payee, two months after the note, beginning:
“Thank you so much for taking time to write and explain. I really never know what Roy is doing, but he did tell *195 me about this transaction. I don’t know what bind Roy is in or what brought it about. I’m sure that in the money lending business you must try to obtain it wherever possible however not at the expense of a dear person as you have shown yourself to be. One thing you may rest assured that Roy has never ever welched on any debt. I know he will pay you the 40,000 even if he had to end up selling another business to do it. * * * »
Defendant’s wife testified she knew nothing about the $40,000 transaction, and was referring to a proposed jewelry store in saying her husband had told her about “this transaction”.
In my opinion the preponderance of the evidence shows consideration. If defendant merely attempted, as an accommodation to the payee, to create the appearance of a valid note transaction and receipt of $40,-000 cash in the presence of two bank officers, he succeeded too well. The alleged counter-letter was not admissible into evidence and by its terms did not declare the note invalid.